Charles W. Miller, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Carol F. Munson,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, October 24, 1983:

In this appeal from the denial of administrative relief by the Board of Probation and Parole (Board), Charles W. Miller (Petitioner) raises the narrow issue of whether the Board violated its own regulation when it informed Petitioner that its reason for exceeding the presumptive range for his recommitment was "multiple convictions". 37 Pa. Code §75.1(c) permits the Board to deviate from the "presumptive range" of recommitment time for convicted parole violators provided the Board gives written justification for its action.

In the instant case, the Petitioner, following a revocation hearing, was recommitted to serve his unexpired term of 2 years, 5 months and 22 days. The hearing followed his conviction for burglary. That burglary, however, was committed while Petitioner was a parolee with respect to sentences imposed in the State of Utah. The presumptive range for recommitment time where the new crime is burglary is 15 to 24 months. 37 Pa. Code §75.2. Petitioner's recommitment exceeds that presumptive range by 5 months and 22 days.

The record indicates that on September 28, 1982 when the Board entered its recommitment order, it gave as its reason "conviction in a court of record established". On October 26, 1982, however, the Board modified its previous action by setting forth "multiple convictions" as aggravating reasons for its order.

Petitioner argues that there is some parallel between Pa. R. Crim. P. 1405(b) which requires the sentencing court to set forth the reasons for the sentence imposed, and the Board's regulation requiring written justification for its actions. Petitioner contends that a phrase such as "multiple convictions" gives him no information as to *which* convictions the Board considered. Petitioner says that some of the prior convictions may be constitutionally invalid or not even actual convictions relating to him. Such circumstances violate his due process rights, Petitioner argues.

Our Court has held that Section 9721(b) of the Sentencing Code, 42 Pa. C. S. §9721(b), which also requires a sentencing judge to explain on the record the reasons for a sentence, to be inapplicable to procedures of the Board. *Trenge v. Pennsylvania Board of Probation and Parole,* 71 Pa. Commonwealth Ct. 523, 456 A.2d 224 (1983). The same is true with respect to the Rules of Criminal Procedure. *See* Pa. R. Crim. P. 1(a).

The record before us includes a certificate from the chairman of the Board supplied to us under the provisions of Section 8 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.8. That certificate indicates that Petitioner has had several convictions since February 27, 1975. While the constitutionality of any sentence may be challenged in a court of law, it may not be challenged in a collateral proceeding before the Board. We note that Petitioner does not dispute the information set forth in the Board's certificate; we presume, accordingly, that it is an accurate representation of Petitioner's actual convictions.

These observations lead us to the inevitable conclusion that the phrase "multiple convictions" employed by the Board in the instant case must be limited to those matters set forth on the Board's certificate and that those matters are well known to the Peti-

tioner. It follows that the notice requirements of the Petitioner's constitutional due process rights have been met in the instant case and that the Board has not violated its own regulations.

Order affirmed.

### ORDER

The order of the Board of Probation and Parole denying administrative relief to Charles W. Miller is affirmed.