637 A.2d 627

**Dale OATESS, Appellant,**

v.

**Richard I. NORRIS, Hearing Examiner at SCI–CS, Robert Porta, a Correctional Officer at SCI–CS, Robert W. Glenny, a Correctional Officer at SCI–CS, J.L. McVicker, a Correctional Officer at SCI–CS and J. Does.**

Superior Court of Pennsylvania.

Submitted Nov. 22, 1993.

Filed Jan. 26, 1994.

600

Dale Oatess, appellant, pro se.

Robert S. Englesberg, Pittsburgh, for appellees.

Before BECK, POPOVICH and CERCONE, JJ.

BECK, Judge:

This appeal challenges the trial court's grant of summary judgment in favor of appellees. We affirm.

Appellant, an inmate at the State Correctional Institution at Cresson (SCI–CS), brought this civil rights action against appellees, several corrections officers and a hearing examiner, under the federal civil rights statute, 42 U.S.C. § 1983. In his complaint, appellant alleged violations of his rights guaranteed under the first amendment, specifically, his right of access to the courts. Substantively, appellant contended that in retaliation for a lawsuit he filed against one of the appellees, all

appellees conspired together to prevent appellant from proceeding with his case. Appellant charged that appellees created circumstances which caused appellant to be in violation of prison regulations, issued misconducts against appellee for these violations and found him guilty of these misconducts.

Initially, appellees responded to the complaint by way of preliminary objections which were granted by the trial court. The matter was dismissed and appellant appealed. A panel of this court agreed that appellant had failed to state a claim warranting relief, but reversed the order of dismissal and instructed the trial court to allow appellant to amend his complaint. The amended complaint was filed and appellees filed Answers and New Matters. Requests for Admissions were made and complied with and appellees then moved for summary judgment. The motion was supplemented with affidavits from each appellee.

■ Our standard of review mirrors that of the trial court. Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa. R.Civ.P. 1035(b). In ruling upon a motion for summary judgment, a court must examine the record in the light most favorable to the non-moving party and any doubts are to be resolved against the moving party. *Kryeski v. Schott Glass Technologies,* 426 Pa.Super. 105, 626 A.2d 595 (1993).

■ In order to state a valid claim under 42 U.S.C. § 1983, a party must establish two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that the conduct deprived the party of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parrat v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). Appellant's complaint described four instances over a period of six months wherein he was issued misconducts and, in three of those instances, found guilty of the charges and subsequently

punished. He claims that several corrections officers issued misconducts in an effort to preclude and discourage his right of access to the courts and that the hearing examiner found him guilty for the same reasons. Such a claim is clearly sufficient to meet the above-referenced requirements. *See Bounds v. Smith*, 430 U.S. 817, 821–29, 97 S.Ct. 1491, 1494–99, 52 L.Ed.2d 72 (1977).

In their affidavits accompanying the motion for summary judgment, appellees described the incidents and asserted that all misconducts were issued pursuant to prison procedure and in response to appellant's disregard or violation of applicable rules. Also attached as supporting material were prison documents memorializing the misconducts and the hearings. Appellant's response contained no contrary affidavits but included appellees' response to admissions.

█ The averments in appellant's complaint alone cannot defeat appellees' motion for summary judgment. "When a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or ... otherwise ... must set forth specific facts showing that there is a genuine issue for trial." Pa.R.Civ.P. 1035(d). A careful review of appellant's response to the motion is necessary to determine if he advanced specific facts as required by the rule.

Appellant's response included no affidavits from himself or any witnesses raising any genuine issues of material fact. In his answer to the motion, appellant asserted that his allegations were adequate because they set forth the dates, names and actions of the wrongdoers. A review of the complaint reveals that for each instance of retaliation alleged, appellant made vague and general references to statements or agreements made among appellees. Appellant alleged that sometime on or before each incident leading to a misconduct, some or all appellees got together and agreed to cause the misconduct to issue. Appellant also alleged that sometime on or before each misconduct hearing, some or all appellees arranged to have appellant found guilty. These allegations, if

true, certainly would establish conduct designed to deprive appellant of his civil rights. However, the claims are not supported at all in appellant's response.

One of the incidents involved the issuance of a misconduct for being present in the prison gymnasium while on Loss of Privilege (LOP) status. At the hearing on this misconduct, appellant was apparently absolved of the charge because although on LOP, prison rules required that he still report to his prison job. In his request for admissions, appellant asked that appellees admit they knew appellant worked in the prison gymnasium. Appellees admitted this fact. Appellant insists that this admission presents a genuine issue of material fact. We disagree. Surely, by the time appellees were served with requests for admissions, they were aware that appellant worked in the gym and further, that appellant was permitted, under prison regulations, to report to the gym while on LOP status. Appellees would have known these facts at the time appellant was exonerated for the misconduct. Their knowledge of these facts at the time admissions were served does not establish that the misconduct itself was bogus. Indeed in the same request for admissions, all appellees denied they "caused" the misconduct to issue and instead asserted that appellant was wholly responsible for the issuance of the misconduct.

In his answer to the summary judgment motion, appellant also asserted that because he had alleged conspiracy, and the existence of a conspiracy is a question for the jury, summary judgment was improper. Again we disagree. Appellant made only vague and general claims that appellees agreed to retaliate against appellant. The law is clear that "bare allegations of certain statements by a defendant without any other proof of conspiracy, are insufficient to sustain a conspiracy claim." *Gometz v. Culwell,* 850 F.2d 461, 464 (1988) (citations omitted). Here, appellant did not even purport to know what was actually said by appellees and instead made general, conclusory assertions that certain appellees "agreed to help" other appellees and that certain appellees

requested others to find appellant guilty and those others "agreed to comply with the request." *See e.g.* Amended Complaint at ¶¶ 19, 24. Appellant cannot rely on his unsupported claims of conspiracy:

> It is not enough, however, for a plaintiff to make merely broad or conclusory allegations concerning the existence of such a conspiracy or to show only that a state official took some action which was, in some way, unfavorable to him.... Rather, plaintiffs must allege with sufficient particularity and show with specific material facts that the [parties] reached some understanding or agreement, or plotted, planned and conspired together, to deprive plaintiffs of a federal right.

*Chicarelli v. Plymouth Garden Apartments,* 551 F.Supp. 532, 539 (E.D.Pa.1982). We agree with the trial court that, without more than the averments made in the complaint, appellant's conspiracy claim amounts to "mere conjecture" and "speculation." Trial Court Op. at 3.

This is not a case in which appellant successfully responded to the motion for summary judgment by setting forth specific facts that contradict the facts asserted in the affidavits of appellees. *See Valandingham v. Bojorquez,* 866 F.2d 1135, 1139 (9th Cir.1989) (appellant's response precluded summary judgment by setting forth specific facts showing that there was a genuine issue for trial). Appellant's opposition to the motion for summary judgment could not be sustained on the basis of his complaint and his response simply did not raise a genuine issue of material fact.

Order granting summary judgment and dismissing case affirmed.