**Ronald GOODWINE, Jr., Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 3, 2008.

Decided Oct. 31, 2008.

---

Scott B. Rudolf, Asst. Public Defender, Pittsburgh, for petitioner.

Arthur R. Thomas, Asst. Counsel and Victoria S. Madden, Chief Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and FRIEDMAN, Judge, and BUTLER, Judge.

OPINION BY Judge PELLEGRINI.

Ronald Goodwine, Jr. (Parolee) appeals an order of the Pennsylvania Board of Probation and Parole (Board) upholding the decision of the hearing examiner which recommitted him to the Department of Corrections (DOC) as a convicted parole violator rather than a technical parole violator. At issue is whether a judge sitting on a criminal matter and disposing of a summary offense may sit as a district justice without being so designated by the president judge of that court of common pleas of that judicial district.

In June 1998, Parolee pled *nolo contendere* to a robbery charge and was sentenced to five to 10 years of imprisonment plus a consecutive term of five years probation. He was granted confinement credit for the time he spent in the Allegheny County Jail and began serving time in state prison. On January 27, 2003, Parolee was released on parole, but was recommitted shortly after as technical parole

violator for violating the conditions of his parole by consuming alcohol. He was then re-paroled in July 2004 and the revocation of that parole is the subject of this appeal.

In November 2006, Parolee was arrested and charged with aggravated assault, simple assault and resisting arrest. He was confined in the Allegheny County Jail, and the Board lodged a detainer against him. Later, the simple assault and resisting arrest charges were withdrawn leaving only the aggravated assault charge. On May 23, 2007, Parolee, through counsel and the district attorney's office, reached an agreement by which the district attorney agreed to withdraw the aggravated assault charge and Parolee would agree to plead guilty to the summary offense of harassment before the Honorable Jeffery Manning of the Court of Common Pleas of Allegheny County, who would sit as a district justice *pro hac vice.*

■ The agreement was crafted in this way because "who" convicts a parolee is important. Pennsylvania law distinguishes between convicted parole violators and technical parole violators with regard to credit for time spent at liberty on pa-

role. In order for a parolee to be classified as a convicted parole violator, a parolee must be convicted of a crime in a court of record. However, "convictions of summary criminal offenses before a District Justice do not constitute convictions in a court of record within the meaning of . . . [Section 21.1a(a) of the Parole Act] 61 P.S. § 331.21a(a),[1] and the Board is not authorized to recommit a parolee as a convicted parole violator for such convictions." *See Harper v. Pennsylvania Board of Probation and Parole,* 103 Pa.Cmwlth. 251, 520 A.2d 518 (1987), citing *Coleman v. Pennsylvania Board of Probation and Parole,* 101 Pa.Cmwlth. 144, 515 A.2d 1004 (1986).

That same day it was signed, Judge Manning accepted the agreement, and sitting as a district justice, accepted Parolee's guilty plea to harassment and sentenced Parolee to 90 days of probation. The matter was then brought before a Board hearing examiner. Parolee remained confined in the Allegheny County Jail on the Board's detainer.

A parole revocation/violation hearing was held to determine whether Parolee would be recommitted as a convicted or

---

1. Section 21.1a(a) of the Act commonly referred to as the Parole Act (Parole Act), Act of August 6, 1941, P.L. 861, *as amended,* applies to convicted parole violators and provides, in relevant part:

Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment from which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the [B]oard, be recommitted as a parole violator. If his recommitment is so ordered, he **shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for**

**the time at liberty on parole** . . . . (Emphasis added.)

Section 21.1a(b) of the Parole Act, 61 P.S. § 331.21a(b), applies to technical parole violators and provides, in relevant part:

Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole, violates the terms and conditions of his parole, other than by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record, may be recommitted after hearing before the [B]oard. **If he is so recommitted, he shall be given credit for the time served on parole in good standing but with no credit for delinquent time, and may be reentered to serve the remainder of his original sentence or sentences** . . . . (Emphasis added.)

technical parole violator.[2] At the hearing, Parolee argued that he could not be adjudicated a convicted parole violator because a common pleas judge sitting as a district justice accepted his guilty plea and, therefore, his plea was accepted in a non-record court. While admitting that Judge Manning sat as a district justice, his parole agent argued that only the president judge of Allegheny County had the power to designate a common pleas judge to sit as a district justice, and because Judge Manning was not so designated by his president judge, his declaration that he sat as a district justice was meaningless. Accepting the parole agent's position, the hearing examiner recommitted Parolee as a convicted parole violator for a period of six months.[3]

Parolee filed a *pro se* petition for administrative review arguing that under 61 P.S. § 331.21(a), he could not be considered a convicted parole violator because he had not been convicted in a court of record because Judge Manning was sitting as a district justice. The Board affirmed, finding that there was no evidence that Judge Manning had been assigned to be a district justice for Parolee's case by the president judge and that his declaration had no legal effect. Parolee then filed this appeal.[4]

■ On appeal, Parolee contends that the Board committed an error of law when it found that Judge Manning could not decide on his own to sit as a district justice to take his guilty plea for the summary offense of harassment. Relying on *Commonwealth ex. rel. Riggins v. Superintendent of Philadelphia Prisons*, 438 Pa. 160, 263 A.2d 754 (1970), the Board counters, contending that only the president judge can designate a judge to sit as a district justice to hear a case.

In *Riggins*, a juvenile argued that by statute, only a judge assigned to the family division could hold a preliminary hearing on criminal charges. The juvenile argued that a judge designated to hold the preliminary hearing could not so sit because he was not a family division judge and because of the recent amendments to the Judiciary Article, Article 5, common pleas judges did not have the power to sit as a district justice. The recent amendment was to Article 5, Section 9, of the Pennsylvania Constitution, which provided that judges of the courts of common pleas "shall be ... justices of the peace as to criminal matters." That provision was amended by Article 5, Section 5 of the constitutional amendments adopted in 1968, which provides that courts of common pleas have "unlimited original jurisdiction in all cases except as may otherwise be provided by law." Because this new provision did not specifically give common pleas judges the power to sit as district justices, which now carried out the functions of justices of the peace, the juvenile argued that they no longer sit as committing district justices.

---

2. Parolee also contends that he received ineffective assistance of counsel and that his waiver of counsel was ineffective. Because of the way we have resolved this case, we need not reach those issues.

3. If Parolee was deemed a technical parole violator, he would retain his confinement credit and his maximum confinement date would remain January 12, 2008. If he were found to be a convicted parole violator, he would forfeit all confinement credit and his maximum confinement date would extend to January 2, 2010.

4. On appeal, our scope of review is limited to determining whether the Board committed an error of law, lacked substantial evidence to make its decision or the constitutional rights of Parolee were violated. *Dorsey v. Pennsylvania Board of Probation and Parole*, 132 Pa. Cmwlth. 476, 573 A.2d 628 (1990).

■ In rejecting those claims, our Supreme Court held that all judges have the inherent power to sit as a district justice and, even if a judge of family court could only hold a preliminary hearing, the then new Judiciary Code gave the president judge the power to assign any judge to any division of the court to sit as a committing district justice, stating:

We first hold that the power of all Common Pleas Court Judges to sit as committing district justices, which power existed prior to the adoption of the new Judiciary Article, continues to be retained by the Judges of the Court of Common Pleas.

\* \* \*

Even if it be assumed arguendo that Riggins should have his original preliminary hearing held before a Judge of the Family Court Division, Section 16(g), supra, specifically provides (we repeat) that 'the president judge (of the Court of Common Pleas) shall have the power to assign judges from each division to each other division of the court when required to expedite the business of the court.' It is clear, therefore, that the President Judge has the constitutionally granted power to assign any Judge from any Division of the Court of Common Pleas to any other Division of the Court to sit, consequently, as a committing district justice. Judge Sloane had the jurisdiction, the right and the power to hear the Riggins case on his rearrest and to hold him for action by the grand jury.

438 Pa. at 167–168, 263 A.2d at 757. Because judges have the inherent power to sit as district justices for a criminal matter, once misdemeanor and felony charges have been resolved, common pleas judges can then sit as district justices in disposing of the remaining summary charges. *See e.g., Commonwealth v. Allem,* 367 Pa.Super. 173, 532 A.2d 845 (1987); *Commonwealth v. Ritter,* 268 Pa.Super. 563, 408 A.2d 1146 (1979).[5] To hold otherwise would raise serious constitutional questions of due process and equal protection involving a liberty interest because it would mean that a parolee found guilty of a summary offense by a common pleas judge would lose years of street time while a parolee found guilty by a district justice would not.

Because Parolee entered his guilty plea to a summary offense before a judge sitting as a district justice and the conviction occurred in a non-record court, the Board was required to find Parolee to be a technical parole violator. Accordingly, the decision finding Parolee a convicted parole violator is reversed.[6]

### ORDER

AND NOW, this 31st day of October, 2008, the October 22, 2007 order of the

---

5. The inherent power of judges was placed in the Judicial Code at 42 Pa.C.S. § 912. That provision states: "Every court of common pleas shall have power to issue, under its judicial seal, every lawful writ and process to or to be served or enforced by system and related personnel as such courts have been heretofore authorized by law or usage to issue. Every judge of a court of common pleas shall have all the powers of a judge or magisterial district judge of the minor judiciary."

6. Moreover, in *Jackson v. Pennsylvania Board of Probation and Parole,* 951 A.2d 1238, 1241–42 (Pa.Cmwlth.2008), we held that there was "no logical basis for accepting the Board's assertion that [the Judge] declared himself to sit as a magisterial district judge without proper assignment from the president judge and that the judge so declaring constitutes sufficient and competent evidence to support the conclusion that he was empowered to sit as a magisterial district judge in the summary proceeding against [parolee]."

Pennsylvania Board of Probation and Parole is reversed, and the Board of Probation and Parole is ordered to recommit Ronald Goodwine, Jr. as a technical parole violator for Parole 324–AB, and is ordered to credit Ronald Goodwine, Jr. with all credit accumulated while at liberty on parole such that his originally calculated maximum date of January 12, 2008, shall be his maximum date.