Zori V. BARNA, Jr., Petitioner

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 6, 2010.
Decided Oct. 27, 2010.

Maribeth Spangler Schaffer, Asst. Public Defender, Ebensburg, for petitioner.

Alan M. Robinson, Asst. Counsel and Linda J. Laub, Acting Chief Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge McCULLOUGH.

Zori V. Barna, Jr., petitions for review of the December 9, 2009, order of the Pennsylvania Board of Probation and Parole (Board), which denied his administrative appeal. For the following reasons, we affirm.

On or about September 18, 1997, Barna was sentenced to a period of incarceration of eight to twenty years for the crimes of robbery and kidnapping. (Certified Record (C.R.) at 1–2.) The Board granted Barna parole on February 25, 2008, and he was released from prison on May 1, 2008. (C.R. at 12–15.) Eleven days later, on May 12, 2008, a female reported to the Board that Barna had attacked and threatened her. (C.R. at 20.) The same day, the Board issued a warrant to commit and detain Barna, and parole supervision staff arrested Barna for violation of his parole. (C.R. at 19, 22.)

On May 13, 2008, the Upper Moreland Police Department charged Barna with simple assault, terroristic threats, and harassment. (C.R. at 20, 57.) On January 12, 2009, Judge William R. Carpenter of the Court of Common Pleas of Montgomery County found Barna guilty of harassment, and sentenced him to ninety days incarceration in a state correctional institution. (C.R. at 24.)

The Board conducted a parole revocation hearing on April 24, 2009. Based on the certified court record of the harassment conviction, the Board issued a decision on June 10, 2009, recommitting Barna as a convicted parole violator to serve six months backtime when available. (C.R. at 103.) Barna filed an administrative appeal, which the Board denied on December 9, 2009. (C.R. at 139.)

On appeal to this Court, Barna first argues that the Board erred by determining that he was a convicted parole violator because he was found guilty of the summary charge of harassment, was deprived of a jury trial, and was not informed of his option to have the trial judge sit as an acting district justice. We disagree.

Section 21.1a(a) of the Parole Act [1] authorizes the Board to recommit a parolee as a convicted parole violator when the crime at issue is punishable by imprisonment and the conviction occurs in a court of record. *Jackson v. Pennsylvania Board of Probation and Parole*, 951 A.2d 1238 (Pa.Cmwlth.2008). Although a parolee may be recommitted as a convicted parole violator based on a conviction for a summary offense, *Lewis v. Pennsylvania Bd. of Probation & Parole*, 74 Pa.Cmwlth. 335, 459 A.2d 1339 (1983), a summary offense conviction by a magisterial district judge is not a conviction in a court of record within the meaning of Section 21.1a(a) of the Parole Act, and the Board is not authorized to recommit a parolee as a convicted parole violator for such a conviction. *Goodwine v. Pennsylvania Board of Probation and Parole*, 960 A.2d 184 (Pa.Cmwlth.2008). Moreover, when a common pleas judge elects to sit as a magisterial district judge and convicts a parolee of a summary offense, the parolee is not convicted in a court of record, and the Board may not recommit the parolee as a convicted parole violator. *Jackson.*

Here, Barna does not dispute that he was found guilty of harassment by Judge Carpenter of the Court of Common Pleas of Montgomery County, (Barna's brief at 9), and the record establishes that Barna

---

1. Act of August 6, 1941, P.L. 861, *as amended, formerly* 61 P.S. § 331.21a(a). This section, which was the law at the time of Barna's arrest, trial on new criminal charges, and parole revocation, was subsequently repealed by section 11(b) of the Act of August 11, 2009, P.L. 147. Similar language is now codified at 61 Pa.C.S. § 6138(a)(1).

was sentenced to ninety days in prison. (C.R. at 24.) The common pleas courts are courts of record, section 321 of the Judicial Code, 42 Pa.C.S. § 321, and nothing in the record indicates that Judge Carpenter was sitting as a magisterial district judge. Therefore, we conclude that Barna was convicted before a court of record and that the Board was authorized to recommit him as a convicted parole violator.[2]

Barna also argues the Commonwealth deprived him of a jury trial and failed to inform him of the opportunity to have Judge Carpenter sit as an acting magisterial district judge. However, it is well settled that Barna may not collaterally attack or otherwise challenge the validity of his criminal conviction in this appeal. *Commonwealth ex rel. Davis v. Pennsylvania Board and Parole*, 484 Pa. 157, 398 A.2d 992 (1979); *Miller v. Pennsylvania Board of Probation and Parole*, 78 Pa.Cmwlth. 26, 466 A.2d 1110 (1983).

■ Next, Barna raises the following argument, which we quote in its entirety:

Petitioner contends that the Board's warrant to commit and detain was erroneous and *was fabricated.* The warrant to commit and detain was issued on May 12, 2008, however, the police did not file criminal charges against Petitioner until May 13, 2008. Petitioner maintains that this is evident in his supervisory history. Petitioner contends that *there is an improper conspiracy between the police and the parole board.*

Because this matter has not been explored at a proper hearing, Petitioner asks that this matter be remanded for a hearing in this matter.

(Barna's brief at 10.) (Emphasis added.) This argument is without merit.

■ A claim that a party fabricated evidence and engaged in a conspiracy to incarcerate a person cannot be based on conjecture, speculation, or bald allegations, but rather must be supported by material facts. *See Oatess v. Norris,* 431 Pa.Super. 599, 637 A.2d 627 (1994) (holding that a plaintiff cannot merely make broad or conclusory allegations concerning the existence of a conspiracy or show only that a state official took some action which was, in some way, unfavorable to him, but rather must allege with sufficient particularity and show with specific material facts that the parties reached some understanding or agreement, or plotted, planned and conspired together to deprive the plaintiff of a right). Here, Barna's allegations of conspiracy and evidence fabrication are based on the Board's act of detaining him on May 12, 2008, and the police's act of filing criminal charges one day later on May 13, 2008. The timing of those events, without more, is insufficient to show that the Board and the police reached some understanding or agreement, or plotted, planned, and conspired to fabricate evi-

---

2. Barna does not contend in this appeal that the distinction in the law regarding summary offense convictions before magisterial district judges and common pleas judges, or the distinction between courts of record and courts not of record, violates his constitutional right to equal protection. Nor does he argue that there is no rational basis for the preceding distinctions. The dissenting opinion raises this issue *sua sponte;* however, an intermediate appellate court is limited to passing upon the legal questions that come before it and may not review questions that were never raised. *Department of Transportation, Bureau of Driver Licensing v. Boros,* 533 Pa. 214, 620 A.2d 1139 (1993). The principle that a court will consider only the controversies preserved by the litigants even applies to allegations of constitutional error. *Danville Area School District v. Danville Area Education Association, PSEA/NEA,* 562 Pa. 238, 754 A.2d 1255 (2000). Nevertheless, we note that had this issue been properly raised and developed, the outcome of this appeal might have been different.

dence and deprive Barna of his liberty. Therefore, we conclude that Barna's allegations are speculative and conjectural, and that there is no basis to remand this case to the Board for a hearing.

■ Finally, Barna contends that the Board's June 10, 2009, decision failed to consider credit owed to him and created a period of "dead time" representing a period from May 22, 2008, to January 12, 2009, when he was incarcerated and unable to post bail. However, the Board's June 10, 2009, order did not recalculate Barna's sentence or determine his eligibility for credit, but rather ordered Barna recommitted as a convicted parole violator when available. The Board informs us that it subsequently calculated a new parole violation maximum date by separate order, mailed on July 31, 2009, which is not the subject of this appeal. Therefore, this issue is not properly before us.

Accordingly, the Board's order is affirmed.

### ORDER

AND NOW, this 27th day of October, 2010, the December 9, 2009, order of the Pennsylvania Board of Probation and Parole is hereby AFFIRMED.

### DISSENTING OPINION BY Judge PELLEGRINI.

Because it is undisputed that Zori V. Barna, Jr. (Petitioner) was recommitted as a convicted parole violator solely for the accidental and fortuitous reason that he was tried before a common pleas judge rather than a magisterial district judge, the Pennsylvania Board of Probation and Parole's (Board) decision to recommit him as a convicted parole violator was a viola-

tion of Petitioner's equal protection rights. For that reason, I respectfully dissent.

Petitioner was recommitted as a convicted parole violator on the basis that Judge William R. Carpenter of the Court of Common Pleas of Montgomery County had found Petitioner guilty of harassment, a summary offense, following a bench trial before him. This case was tried before a common pleas judge only because Petitioner had also been charged with simple assault, a misdemeanor, but this charge had been dropped prior to trial. If Petitioner had only been charged originally with harassment, he would have been tried before a magisterial district judge. Had Petitioner been tried before a magisterial district judge or had Judge Carpenter acted in the capacity of a magisterial district judge, he could not have been recommitted as a convicted parole violator.

Section 21.1a(a) of the Parole Act[1] provides that the Board may recommit a parolee as a convicted parole violator only if the crime at issue is punishable by imprisonment and the conviction occurs in a court of record. A common pleas court is a court of record, while a proceeding before a magisterial district judge is not. A judge on a common pleas court may sit as a magisterial district judge, in which case the common pleas court is not a court of record. *See Goodwine v. Pennsylvania Board of Probation and Parole*, 960 A.2d 184 (Pa.Cmwlth.2008); *Jackson v. Pennsylvania Board of Probation and Parole*, 951 A.2d 1238 (Pa.Cmwlth.2008).

Our holding and rationale in *Goodwine* is particularly instructive in this case. In *Goodwine*, the issue was whether a common pleas judge may choose to sit as a magisterial district judge without the ex-

---

1. Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. § 331.21a(a). This section, which governs Petitioner's case, was subsequently repealed by Section 11(b) of the Act of August 11, 2009, P.L. 147. Similar language is now codified at 61 Pa.C.S. § 6138(a)(1).

press permission of the president judge of his court. In holding that a common pleas judge may decide on his own to sit as a magisterial district judge, we explained:

> Because judges have the inherent power to sit as district justices for a criminal matter, once misdemeanor and felony charges have been resolved, common pleas judges can then sit as district justices in disposing of the remaining summary charges. [citations omitted] To hold otherwise would raise serious constitutional questions of due process and equal protection involving a liberty interest because it would mean that a parolee found guilty of a summary offense by a common pleas judge would lose years of street time while a parolee found guilty by a district justice would not.

*Id.* at 188. This rationale applies equally to situations, such as the present one, where a common pleas judge either is not asked or does not choose to sit as a magisterial district judge because the identical irrational result follows. Otherwise, one parolee convicted of a summary offense, solely by virtue of having his case heard before a common pleas judge, would be recommitted as a convicted parole violator and lose street time, while another parolee, convicted of the same summary offense but who has his case heard before a magisterial district judge, would not.

As such, equal protection requires that in all cases in which a parolee is convicted of only a summary offense, whether before a magisterial district judge or a common pleas judge, that conviction alone cannot serve as a sufficient basis to recommit a parolee as a convicted parole violator. For that reason, I would reverse the decision of the Board.