J-S04031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| UNITED MIDWEST SAVINGS BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY KENNEDY | : | |
| | : | |
| Appellant | : | No. 64 EDA 2019 |

Appeal from the Order Entered November 19, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  160401568

BEFORE:  BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 10, 2020**

In this mortgage foreclosure action, Gregory Kennedy (Appellant), appeals, *pro se*, from the order entering judgment against him and in favor of United Midwest Savings Bank (UMSB).  We affirm.

The trial court summarized the relevant history of this appeal:

[UMSB] filed [a] complaint on April 14, 2016, against [Appellant], AmandaKay Trust [(the Trust)], and the United States of America, c/o the U.S. Attorney for the Eastern District of Pennsylvania.  The complaint asserted that on August 15, 2008, [Appellant] executed and delivered to [UMSB] an adjustable rate note and a mortgage securing a property at 28 N [Saint] Bernard St., Philadelphia, PA 19139 [(the property),] in consideration for a loan of $92,000.00. The mortgage was recorded on August 27, 2008.  Copies of the note and mortgage were attached to the complaint. … [Appellant] defaulted on th[e] obligations under the loan for failure to make payments due May 1, 2015, and each month thereafter.

     On February 27, 2018, the [trial court] granted [UMSB's] motion for summary judgment on the issue of liability only. [Appellant] filed an interlocutory appeal from this order[,] which

was quashed by the Superior Court on May 4, 2018 (978 EDA 2018).

The matter proceeded to a [non-jury] trial on damages … on October 17, 2018. [UMSB] established, through the testimony of a representative of its sub-servicer, the failure of [Appellant] to make payments towards principal or interest on the subject loan since May of 2015. At the conclusion of trial[,] the [c]ourt assessed damages in favor of [UMSB] and against [Appellant] in the amount of $113,563.62. [Appellant] filed post-trial motions[,] which were denied on November 19, 2018.

Trial Court Opinion, 2/19/19, at 1-2 (unnumbered) (footnote omitted).

Appellant timely filed a *pro se* notice of appeal. In response, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days.[1] Appellant timely filed a concise statement, after which the trial court issued a Rule 1925(a) opinion.

Appellant now presents the following issues for our review:

1. [Appellant] presented strong evidence that Nancy Sczubleski, who signed a declaration on behalf of U[MSB] in support of its complaint, and, in the declaration, declared that she was a vice president at said bank, was in fact not, and never was, a vice president at the bank, in fact was never employed at the bank at all. The trial court failed to address this issue in spite of it being raised by [Appellant] in his opposition to the motion for summary judgment.

2. [Appellant] presented strong evidence that Paula Borshell, who signed a declaration on behalf of U[MSB] in support of its motion for summary judgment, and, in the declaration, declared that she was a vice president at said bank, was in fact not[] a vice president at the bank, in fact was never employed at the bank at all. The trial court failed to address this issue in

---

[1] The order indicates that notice was given to Appellant, and it cautioned that any issue not properly included in the concise statement would be waived.

spite of it being raised by [Appellant] in his opposition to the motion.

3. The trial court erred in ruling against [Appellant] on his motion raising the issue of subject matter jurisdiction, including chain of possession of the original note, filed on 4 March 2018, and raised again in [Appellant's] opposition to the motion for summary judgment and in his post-trial motions.

Brief for Appellant at 1-2 (issues numbered, Appellant's citations omitted).[2]

Before we reach the merits of Appellant's issues, we must determine whether he has properly preserved them. *See*, *e.g.*, *Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa. Super. 2007) (explaining "[t]he fact [that] [a]ppellants filed a timely [court-ordered] Pa.R.A.P. 1925(b) statement does not automatically equate with issue preservation.")).

> Pa.R.A.P. 1925(b) provides that a judge entering an order giving rise to a notice of appeal "may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal []." Rule 1925 also states that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). In *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), our Supreme Court held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Lord*, 719 A.2d at 309. This Court has held that "[o]ur Supreme Court intended the holding in *Lord* to operate as a bright-line rule, such that 'failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised.'" *Greater Erie Indus. Dev. Corp.*

---

[2] We collectively refer to Appellant's first two issues, which he addresses simultaneously in his brief, as the "UMSB employee issues."

- 3 -

> ***v. Presque Isle Downs, Inc.***, 2014 PA Super 50, 88 A.3d 222,
> 224 (Pa. Super. 2014) (*en banc*) (emphasis in original).

***U.S. Bank, N.A. v. Hua***, 193 A.3d 994, 996-97 (Pa. Super. 2018) (some citations omitted); ***see also Greater Erie Indus. Dev. Corp.***, 88 A.3d at 224 (stating that "it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.").

Moreover, we have explained:

> Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. This Court has further explained that a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all.

***Tucker***, 939 A.2d at 346 (citations and quotation marks omitted).

Instantly, we agree with the trial court's characterization of Appellant's concise statement, which is five single-spaced pages in length, as "rambling and incoherent, and therefore does not meet the requirements of Pa.R.A.P. 1925(b)." Trial Court Opinion, 2/19/19, at 2 (unnumbered).[3] The concise statement submitted by Appellant in this relatively straightforward case is not sufficiently concise, contains numerous confusing and vague contentions, and

---

[3] Aside from a passing reference in its Rule 1925(a) opinion, the trial court did not address the merits of Appellant's claims. ***Cf. LSI Title Agency, Inc. v. Evaluation Servs., Inc.***, 951 A.2d 384, 388 (Pa. Super. 2008) (declining to find waiver, despite the fact that appellant's Rule 1925(b) statement was not concise and contained proscribed argument, where the trial court addressed appellant's claims in its opinion). Here, the trial court's preparation of its Rule 1925(a) opinion was clearly hampered by Appellant's noncompliant concise statement.

fails to coherently set forth his issues to be raised on appeal. Accordingly, we could deem all of Appellant's issues waived. *See, e.g., Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 213 (Pa. Super. 2008) (holding that appellant had waived all of his issues on appeal for his failure to comply with Rule 1925(b), and stating that "while [a]ppellant's five-page [concise] statement can certainly be characterized as 'lengthy,' the crux of the problem is that the statement is an incoherent, confusing, redundant, defamatory rant[.]"); *see also Kovalev v. Sowell*, 839 A.2d 359, 367 n.7 (Pa. Super. 2003) (stating that "as a *pro se* litigant, [an appellant] is not entitled to any particular advantage because []he lacks legal training." (citation and quotation marks omitted)).

Regarding Appellant's UMSB employee issues set forth in his brief, these issues in no way match the allegations contained in his concise statement. Accordingly, they are waived. *See Lord*, *supra* (stating that any issues not raised in a 1925(b) statement will be deemed waived).[4]

---

[4] Moreover, Appellant has failed to develop these claims in any meaningful fashion in his brief; he sets forth a few sentences of confusing argument and fails to provide any citation to the record. Thus, these issues are waived on this basis as well. *See Jacobs v. Chatwani*, 922 A.2d 950, 962-63 (Pa. Super. 2007) (finding waiver where appellant provided only a vague, undeveloped argument in support of her claim and did not cite to the record); *see also* Pa.R.A.P. 2119(a), (c). We will not scour the record for evidence not clearly identified or located by Appellant, and it is not our function to advocate for him. *Estate of Haiko v. McGinley*, 799 A.2d 155, 161 (Pa. Super. 2002).

Although we could likewise find Appellant's third and final issue waived, we will briefly address it, because: (1) Appellant's concise statement does contain references that are similar to the language of the third issue set forth in his brief; and (2) the record does not contain a detailed explanation for the trial court's ruling.[5]

Appellant challenges the entry of summary judgment against him. In reviewing this claim, we are mindful that:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. [*See*] Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. … [W]e will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

---

[5] *See Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 804 (Pa. Super. 2007) (stating "[j]ust as the trial judge cannot be made to guess what an appellant is complaining of on appeal, an appellant cannot be made to guess what the trial judge is thinking in his or her ruling."); *see also* Pa.R.A.P. § 1925(b)(4)(vi) (providing that when an "appellant in a civil case cannot readily discern the basis for the trial judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement identifies the errors in only general terms." Here, Appellant prefaced his concise statement in accordance with subsection 1925(b)(4)(vi).

*ADP, Inc. v. Morrow Motors, Inc.*, 969 A.2d 1244, 1246 (Pa. Super. 2009) (citation omitted).

> With regard to mortgage foreclosures,
>
> [t]he holder of a mortgage has the right, upon default, to initiate a foreclosure action. Additionally, the mortgage holder is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount.

*Gerber v. Piergrossi*, 142 A.3d 854, 859 (Pa. Super. 2016) (citation and quotation marks omitted). A mortgagee is the real party in interest in a foreclosure action. *Wells Fargo Bank, N.A. v. Lupori*, 8 A.3d 919, 922 n.3 (Pa. Super. 2010) (citing Pa.R.C.P. 2002(a)); *see also Gerber*, 142 A.3d at 859 (stating that "[t]he foreclosing party can prove standing [] by showing that it … is the holder of the note specially indorsed[.]" (citation omitted)).

Appellant challenges UMSB's standing to bring the foreclosure action, asserting that an indispensable third party, Federal Home Loan Bank of Cincinnati (FHLBC), should have been joined due to an alleged "special endorsement" of the note to FHLBC. *See* Brief for Appellant at 3-4. In support, Appellant relies on this Court's decision in *Lupori*, 8 A.3d at 922 (reversing the trial court's denial of a petition to strike a default judgment entered in favor of the purported holder of the mortgage, and stating that setting forth the chain of assignments of a mortgage in the complaint is critical to establishing standing in a foreclosure action). Appellant further contends that "the note held by [UMSB] is not the original, and [UMSB] is therefore

precluded from collecting on it. [Appellant] also suspects that, if the original note was produced, that it was altered." Brief for Appellant at 4.

Contrary to Appellant's claim, the record is clear that UMSB is the original mortgagee, and there is no indication, in the complaint or otherwise, that UMSB ever assigned the mortgage to FHLBC. *Cf. Lupori*, 8 A.3d at 922 (stating "[n]owhere in the complaint did [the purported holder of the mortgage] identify itself as the owner of the [] mortgage."). Accordingly, UMSB had the right to initiate this action without including FHLBC as a party.

Finally, our review of the record discloses no support for Appellant's bald speculation that the note has been "altered," nor does this claim raise a genuine issue of fact. *See Oatess v. Norris*, 637 A.2d 627, 630 (Pa. Super. 1994) (emphasizing that bald allegations and speculation in opposition to a motion for summary judgment are insufficient to raise a genuine issue of material fact). This is not a case in which Appellant successfully responded to the motion for summary judgment by setting forth specific facts or defenses that contradict the facts asserted in the complaint in mortgage foreclosure. *See id.*

Appellant has failed to demonstrate any abuse of discretion or error of law by the trial court. *See A.D.P.*, *supra*. Notably, he does not dispute that UMSB holds the mortgage, which remains unpaid. *See Gerber*, *supra*. Therefore, the trial court properly entered summary judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/10/20