J-S26034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICHARD ALLEN DURAND | |
| Appellant | No. 1614 MDA 2014 |

Appeal from the Judgment of Sentence August 27, 2014
in the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0002520-2004

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 22, 2015**

Appellant Richard Allen Durand ("Appellant") appeals from the August 27, 2014 judgment of sentence in the Lackawanna County Court of Common Pleas following the revocation of his probation on an underlying conviction for aggravated indecent assault, complainant less than 13 years of age.[1] Appellant's counsel has filed an **Anders**[2] brief, together with a petition to withdraw as counsel.  We affirm the judgment of sentence and grant counsel's petition to withdraw.

On September 30, 2003, then-18-year-old Appellant engaged in sexual contact with a 12-year-old victim.  On December 17, 2004, Appellant

_____

[1] 18 Pa.C.S. § 3125(a)(7).

[2] **Anders v. California**, 386 U.S. 738 (1967).

pleaded guilty to aggravated assault, complainant less than 13 years of age. On June 15, 2006, the trial court sentenced Appellant to 33 to 84 months' imprisonment followed by 3 years of probation.

Following his period of incarceration, Appellant began probation, which required that he comply with all conditions of probation. Among Appellant's probation conditions was Probation Condition 7, which required him to attend and complete a sex offender evaluation and comply with all recommendations and conditions. Appellant attended the evaluation, which recommended that Appellant attend sex offender specific group treatment, abide by all the terms of the treatment program, and have no unsupervised contact with minors. On July 3, 2014, Appellant was unsuccessfully discharged from his sex offender treatment program for (1) minimal attendance and participation, (2) showing deception on a July 2, 2014 polygraph, and (3) having unsupervised contact in the woods with two female minors, one of whom he kissed.[3]

On August 27, 2014, Appellant stipulated to violating a condition of his probation. The trial court revoked Appellant's probation and re-sentenced him to 18 to 36 months' imprisonment. Appellant did not file a motion for

_____

[3] Appellant was 29 years old at the time of the meeting in the woods. The girl he kissed was 14.

reconsideration of the new sentence, but timely appealed on September 19, 2014.[4]

As previously noted, Appellant's counsel has filed an application seeking to withdraw from representation pursuant to *Anders v. California* and its Pennsylvania counterpart, *Commonwealth v. Santiago*.[5] Before addressing the merits of Appellant's issue presented, we must first pass on counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super.2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel must also provide a copy of the *Anders* brief to the appellant, together with a letter that advises the

---

[4] Upon order from the trial court, Appellant complied with Pa.R.A.P. 1925(b). The trial court, however, did not file an opinion pursuant to Pa.R.A.P. 1925(a).

[5] 978 A.2d 349 (Pa.2009).

appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the Anders brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa.Super.2007). Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super.2006).

Instantly, counsel filed a petition to withdraw. The petition states counsel's determination that an appeal of Appellant's sentencing is without merit and no non-frivolous issues exist to be raised on appeal.[6] The petition explains that counsel notified Appellant of the withdrawal request, supplied him with a copy of the ***Anders*** brief, and sent Appellant a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit. ***See*** Letter to Appellant, December 30, 2014, attached as Exhibit A to the Petition to Withdraw as Counsel. In the ***Anders*** brief, counsel provides a summary

_____

[6] Although not stated in the petition to withdraw as counsel, the ***Anders*** brief explains counsel made a conscientious examination of the record. ***See*** Appellant's Brief, p. 11.

- 4 -

of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citations to relevant case law, and states her conclusion that the appeal is wholly frivolous and her reasons therefor. Accordingly, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we review this appeal based on the issue of arguable merit raised in the **Anders** brief:

> A. Whether the sentence imposed was inappropriately harsh and excessive and an abuse of discretion for a technical violation of probation?

Appellant's Brief, p. 4.

Appellant's claim raises a challenge to the discretionary aspects of Appellant's sentence. **See** Appellant's Brief, pp. 9-11. "An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so." **Commonwealth v. Kalichak**, 943 A.2d 285, 289 (Pa.Super.2008). As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the

sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S. § 9781(b)].

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa.Super.2007).

Although Appellant in the present case filed a timely notice of appeal, and included a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f) in his brief, he did not preserve the issue by requesting reconsideration in open court at sentencing or in a post-sentence motion. Accordingly, Appellant has waived this claim for review.

Moreover, even if not waived,[7, 8] Appellant's claim lacks merit. "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." ***Commonwealth v. Ahmad***, 961 A.2d 884, 888 (Pa.Super.2008). "The

---

[7] We note that, in light of counsel's petition to withdraw, we must address Appellant's claim regardless of waiver. ***See Commonwealth v. Lilley***, 978 A.2d 995, 998 (Pa.Super.2009) (***Anders*** requires review of issues otherwise waived on appeal).

[8] Had Appellant preserved his claim by requesting reconsideration at sentencing or filing a post-sentence motion, we would have proceeded to determine whether he raised a substantial question for review and, if so, further proceeded to a discussion of the merits of the claim. Pa.R.A.P. 2119(f); ***Commonwealth v. Tuladziecki***, 522 A.2d 17 (Pa.1987). Appellant's claim that the sentence of incarceration imposed for technical violations of probation was unduly harsh raises a substantial question that would have permitted this Court to review the issue on its merits. ***See Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa.Super.2000) (a substantial question is presented when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of probation).

Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct." *Id.* A court's discretion to impose a more appropriate sanction should be unfettered "only when it becomes apparent that the probationary order is not serving this desired end [of rehabilitation.]" *Id.* at 888-89.

"Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing[.]" 42 Pa.C.S. § 9771(b). "Thus, if the original offense was punishable by total confinement, such a penalty is available to a revocation court, subject to the limitation that the court shall not impose total confinement unless it finds that: (1) the defendant has been convicted of another crime; (2) the defendant's conduct indicates a likelihood of future offenses; or (3) such a sentence is necessary to vindicate the court's authority." *Kalichak*, 943 A.2d at 289. "Sentencing Guidelines do not apply to sentences imposed following a revocation of probation." *Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa.Super.2006) (citation omitted). Instead, pursuant to 42 Pa.C.S. § 9721(b), the sentencing court must consider the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant. *Id.*

Appellant contends that, given the technical nature of his violation, the sentence he received upon revocation was excessive. *See* Appellant's Brief, p. 11. He is incorrect.

Technical probation violations "can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform." *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa.Super.2007); *see also Sierra*, 752 A.2d at 912 (failure to keep probation appointments). Upon revoking Appellant's probation, the trial court properly sentenced him to total confinement because – as Appellant stipulated – he flagrantly violated his probation by having unsupervised contact with two minors, one of whom he kissed.[9] The nature of Appellant's technical violation indicates he is likely to commit another crime if not imprisoned.

_____

[9] We note that, because Appellant was not convicted, his admitted unauthorized contact with minors remains a "technical" violation of the terms of his probation, as opposed to a "convicted" violation. *See* 61 Pa.C.S. § 6138(a), (c); *see also Goodwine v. Pennsylvania Bd. of Prob. & Parole*, 960 A.2d 184, 186 (Pa.Commw.2008) (noting that, in order for a to be classified as a convicted violator, a parolee must be convicted of a crime in a court of record). We further note, however, that in cases involving child sexual offenders, the violation of a condition prohibiting unauthorized contact with minors represents a serious "technical" violation of probation. *See Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa.Super.2012) (recognizing a significant distinction between unauthorized contact with minors and other technical violation such as missing a meeting with a probation officer or counselor because the compliance with the condition to avoid contact with minors—more so than any other—was designed to ensure that defendant could not sexually assault young girls).

Moreover, the trial court sentenced Appellant within the statutory limits for his conviction. Aggravated indecent assault, complainant less than 13 years of age, graded as a felony of the second degree carries a possible sentence of up to 10 years' incarceration. 18 Pa.C.S. §§ 1103, 3125(c). Appellant's probation revocation sentence of 18 to 36 months' incarceration, together with the previously-served 33 to 84 months' incarceration, amounted to a sentence of 51 to 120 months' incarceration for the crime. This sentence was within statutory limits and, thus, legal. Therefore, we find no abuse of discretion.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2015