NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2150
_____

UNITED STATES OF AMERICA

v.

ROBERT TAYLOR, JR., Appellant
_____

No. 12-2151
_____

UNITED STATES OF AMERICA

v.

ROBERT TAYLOR, JR., Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 2-11-cr-00154-001 and 2-11-cr-00543-001)
District Judge: Honorable Mitchell S. Goldberg
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 22, 2013
_____

Before: MCKEE, *Chief Judge*, GREENAWAY, JR., and GARTH, *Circuit Judges*.

(Opinion Filed: March 27, 2013)

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Robert Taylor ("Taylor") appeals the District Court's April 24, 2012 judgment

revoking his supervised release, and sentence of 10 months' imprisonment and 2 years of

supervised release. His counsel filed a brief, pursuant to *Anders v. California*, 386 U.S.

738 (1967), asserting that no nonfrivolous issues exist for appeal and seeking to withdraw

as counsel. For the reasons below, we will grant counsel's motion to withdraw and

affirm the judgment of the District Court.

## I.  Background

We write primarily for the benefit of the parties and recount only the facts

essential to our discussion. In 1998, Taylor was convicted of possession with intent to

distribute cocaine and marijuana and sentenced to 151 months' imprisonment, 3 years of

supervised release, a fine of $800, and a special assessment of $100. In 2000, as a federal

inmate, Taylor was convicted of one count of possession of a prohibited object. He was

sentenced to an additional 12 months' imprisonment, 3 years of supervised release, and a

$100 special assessment. As a condition of his release, Taylor could not commit another

"federal, state or local crime."

After completing his sentences for both offenses, Taylor, while on supervised

release, was apprehended by the police on May 15, 2011 due to his involvement in a

2

scheme to return stolen merchandise to home improvement stores in exchange for cash and gift cards. Taylor appeared in the Court of Common Pleas in Bucks County, Pennsylvania where he pled guilty to disorderly conduct and received 90 days' probation.

As a result of Taylor's conduct, the Probation Office filed petitions alleging that he violated his supervised release. The District Court for the Eastern District of Pennsylvania held a revocation hearing on February 28, 2012. Taylor's counsel argued that Taylor's disorderly conduct conviction, a summary offense, did not constitute a "local crime," as defined by the Pennsylvania Crimes Code. He also claimed that there was insufficient evidence to find that a theft had occurred.

The District Court adopted the government's argument that a summary offense did constitute a "local crime," and that Taylor had violated his supervised release. After a hearing, the Court found that Taylor had committed a Grade C violation. Given Taylor's prior offenses, he qualified for a Category VI criminal history. The applicable Sentencing Guidelines range was 8 to 14 months. The Court sentenced Taylor to 10 months' imprisonment, and an additional two years of supervised release.

## II. Jurisdiction

The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## III. Standard of Review

"In [*Anders*], the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to

3

withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal." *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000). The attorney must always "support his client's appeal to the best of his ability." *Anders*, 386 U.S. at 744. If, however, "counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.*

To withdraw, counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous." *Marvin*, 211 F.3d at 780. Thus, this Court's inquiry when considering a lawyer's *Anders* brief is two-fold: we must determine "(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any non-frivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). In accordance with 3d Cir. L.A.R. Rule 109.2, if an appeal is judged to be wholly frivolous, this Court must "grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* (quoting 3d Cir. L.A.R. Rule 109.2(a)); *see also United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009) (quotation marks omitted).

### III. Analysis

Counsel thoroughly reviewed the record and concluded that: (1) the initiation of the revocation cannot be challenged as outside of the District Court's authority; (2) Taylor was afforded all procedural protections under Federal Rule of Criminal Procedure

32.1, and received the required due process; (3) there was sufficient evidence in the record to support the District Court's revocation of supervised release; and (4) the sentence imposed by the District Court was both procedurally and substantively sound.

### A.  Initiation of Revocation Proceeding

Taylor may challenge the validity of the probation officer's petition to the court as an improper initiation of his revocation hearing.  However, this is not a colorable claim. Probation officers do have authority to petition the court.  *See, e.g., United States v. Davis*, 151 F.3d 1304, 1307 (10th Cir. 1998).  18 U.S.C. § 3603(2) authorizes a probation officer "to report the conduct and condition [of a person on supervised release] to the sentencing court," and the "petition" serves as such a report.  *Id.* at 1307.  The petition is "illustrative" and it is ultimately the sentencing court that decides whether to initiate revocation proceedings, which it has authority to do under 18 U.S.C. § 3583(e).  We agree with counsel's conclusion that appealing the initiation of the revocation hearing would be frivolous.

### B.  Procedural Protections

Because revocation of supervised release proceedings may result in a "loss of liberty," they are subject to due process considerations.  *United States v. Barnhart*, 980 F.2d 219, 222 (3d Cir. 1992) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)). These requirements have been incorporated into Fed. R. Crim. P. 32.1, which provides for a prompt preliminary hearing to determine probable cause (Fed. R. Crim. P. 32.1(b)(1)(B)), as well as a revocation hearing (Fed. R. Crim. P. 32.1(b)(2)).

5

Having reviewed the record, counsel found that Taylor was afforded all of the proper procedural protections. A preliminary hearing was held in compliance with Fed. R. Crim. P. 32.1(b)(1)(B).

For the revocation hearing, Fed. R. Crim. P. 32.1(b)(2) requires the Court to hold such a hearing "within a reasonable time," and provides that a person receive all procedural requirements. Taylor was accorded all process due to him. Taylor received written notice of the alleged violations in the form of the probation officer's petition for revocation. *See Barnhart*, 980 F.2d at 223. The evidence against Taylor was disclosed, and through counsel, he was given an opportunity to question the probation and investigating officer, as well as present evidence on his own behalf. Moreover, although he refrained from doing so, he was allowed to make a statement. We agree that a challenge arguing that the District Court did not comply with the Fed. R. Crim. P. 32.1 and due process requirements would be frivolous.

### C. Sufficiency of Evidence

During the proceedings, Taylor challenged whether his Pennsylvania disorderly conduct conviction, a "summary offense," qualified as a "local crime," for purposes of his supervised release condition.[1] He argued that the Pennsylvania Crimes Code in its definition of offense, 18 Pa. Cons. Stat. Ann. § 106, did not include summary offenses in its list of crimes, which included other felonies and misdemeanors. In response, the

---

[1] One of the conditions for supervised release stated: "The defendant shall not commit another federal, state, or local crime."

government relied on the fact that 106(a) defines a "crime" as an offense "for which a sentence of death or of imprisonment is authorized," 18 Pa. Cons. Stat. Ann. § 106, and the definition of "summary offense," provides for a sentence of imprisonment, *id.* at § 106(c).[2] After reviewing both arguments, the District Court adopted the reasoning of the government. We agree with counsel that there was a sufficient legal basis to support the District Court's finding that a summary offense was a "local crime."

Moreover, the District Court determined that the investigating detective's testimony regarding Taylor's admission that he should have known that the items he was returning were stolen, was enough to find that a theft had occurred. When the condition of supervised release is not to commit a crime, the District Court does not have to rely on an indictment or conviction as evidence to find a violation. *United States v. Poellnitz*, 372 F.3d 562, 566 (3d Cir. 2004). The Court is only required under 18 U.S.C. § 3583(e)(3) to find, by a preponderance of the evidence, that a violation occurred. Whether based on its finding that Taylor's Pennsylvania conviction was a "local crime" or that a theft had occurred, the District Court was provided with more than enough evidence to find a violation of supervised release, and no nonfrivolous challenge against the sufficiency of this evidence exists.

---

[2] Counsel, and the government in its letter to the District Court, provided Pennsylvania Superior Court and Commonwealth Court cases that support the conclusion that a summary offense is a crime. *See, e.g.*, *Commonwealth v. Matty*, 619 A.2d 1383, 1385-86 (Pa. Super. Ct. 1993); *In Interest of Golden*, 365 A.2d 157, 158-59 (Pa. Super. Ct. 1976); *Lewis v. Commonwealth*, 459 A.2d 1339, 1341 (Pa. Commw. Ct. 1983).

## D.  Reasonableness of Sentence

Finally, counsel concludes that a challenge of the reasonableness of Taylor's sentence of 10 months' imprisonment, and two years of supervised release would be frivolous.

Under 18 U.S.C. § 3583(e), if the District Court finds a violation of supervised release, the District Court has the authority to impose a sentence of imprisonment, including another term of supervised release. *Johnson v. United States*, 529 U.S. 694, 713 (2000).  In evaluating an appeal of a sentence imposed following revocation, we review the District Court's decision for procedural and substantive reasonableness under an abuse of discretion standard. *United States v. Young*, 634 F.3d 233, 237 (3d Cir. 2011) (quoting *United States v. Doe*, 617 F.3d 766, 770 (3d Cir. 2010)).  Procedurally, the District Court must give meaningful consideration of the factors in 18 U.S.C. § 3553(a), and apply those factors reasonably. *Id.*  Substantively, we look to "whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors." *Id.*

At sentencing, after hearing arguments on both sides, the District Court found Taylor's conduct to constitute a Grade C violation, which, given his Category VI criminal history determination, set the statutory range from 8 to 14 months.  18 U.S.C. § 3583(e) and 18 U.S.C. § 3583(h) also limit the sentence the Court may impose given the class of

8

felony for which the original supervised release was imposed.[3]  Given Taylor's original offenses, a term of 10 months of imprisonment and the additional two years of supervised release were well within the limits imposed by 18 U.S.C. § 3583(e) and 18 U.S.C. § 3583(h) and the range set by the Guidelines.

The District Court also considered the relevant factors of 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3583(e).  Although the District Court did not discuss each § 3553(a) provision at length, the record as a whole reflects the Court's consideration of these factors when imposing Taylor's sentence, including the nature of the crime and the defendant's criminal history.  The District Court's sentence is procedurally reasonable.

The District Court's sentence was also substantively sound.  The correct procedure was employed and a reasonable conclusion reached given the evidence presented.  *See Young*, 634 F.3d at 237 ("Absent procedural error, we will affirm the sentencing court 'unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" (quoting *Doe*, 617 F.3d at 770 )).  As noted, any challenge to the sentencing procedure would be frivolous.

## VI.  Conclusion

Because this Court's own review of the record reveals no additional viable issues, we find that no nonfrivolous issues exist for consideration on appeal.  We will grant counsel's motion to withdraw, pursuant to *Anders*, and affirm the judgment of the District

---

[3] The limits imposed by 18 U.S.C. § 3583(e) on the term of imprisonment was three years for the Class B felony and two years for the Class D felony.  The limits imposed by 18 U.S.C. § 3583(h) on the term of supervised release was four years for the Class B felony and two years for the Class D felony.

Court.  Counsel is also relieved of any obligation to file a petition for a writ of certiorari in the Supreme Court.  *See* 3d Cir. L.A.R. 109.2(b).