# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cornelius Riddick,                         :
                      Petitioner     :
                                         :
                v.                         :     No. 1250 C.D. 2014
                                         :     SUBMITTED:  May 22, 2015
Pennsylvania Board of Probation and        :
Parole,                                    :
                      Respondent     :

**BEFORE:**    **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
                      **HONORABLE RENÉE COHN JUBELIRER,** Judge
                      **HONORABLE PATRICIA A. McCULLOUGH,** Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                **FILED:  August 6, 2015**

        Cornelius Riddick petitions *pro se* for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal from an order recommitting him as a technical and convicted parole violator.  We affirm.

        In 2004, Riddick pled guilty in Philadelphia County to possession with intent to deliver a controlled substance, homicide by vehicle and aggravated assault.  Pursuant to an aggregate sentence of five to ten years, he was incarcerated with an original parole minimum date of November 28, 2009 and a maximum date of November 28, 2014.  Certified Record (C.R.), Item No. 1 at 1.  In December 2009, Riddick was released on parole, subject to certain conditions.  *Id*., Item No. 4

at 13-19. On December 9, 2011, the Abington Township Police arrested Riddick and charged him with robbery and other offenses related to a December 2 armed home invasion. Unable to post bail, he remained confined in the Montgomery County Correctional Facility. On December 9, 2011, the Board lodged a warrant and detainer against Riddick. *Id*., Item No. 5 at 20.

On March 1, 2012, the Board issued a decision: 1) confirming its February 2012 decision detaining Riddick pending disposition of his new criminal charges; 2) finding that diverting him from confinement would pose an undue risk to public safety; 3) finding a technical parole violation of Condition #1, leaving the district without permission, established via Riddick's admission; and 4) recommitting him to serve six months back time as a technical parole violator, when available, pending resolution of his new criminal charges; *Id*., Item No. 6 at 21.

In June 2013, Riddick entered an open guilty plea in Montgomery County to a single count of robbery involving serious bodily injury in return for the remaining charges being *nolle prossed* at sentencing. *Id*., Item No. 7 at 43 and Item No. 9 at 69. In August 2013, Riddick signed the Board's notice of charges and hearing, thereby acknowledging his new criminal conviction for robbery. *Id*., Item No. 7 at 57. He also signed a waiver of his right to representation of counsel and waivers to both his right to a panel hearing and to a revocation hearing. *Id*., Item No. 8 at 57-60. In February 2014, Riddick was sentenced to a minimum of time served, 795 days, to a maximum of twenty-six months confinement, and four years of probation. *Id*., Item No. 7 at 44. On February 24, 2014, Riddick was returned to the Department of Corrections' custody at SCI-Graterford. *Id*., Item No. 11 at 72.

In its recommitment order dated March 20, 2014, the Board indicated that Riddick was both a technical and convicted parole violator, reaffirmed its prior decision recommitting him to serve six months back time for a technical parole violation and recommitted him as a convicted parole violator to serve thirty-eight months back time, concurrently, for the new robbery conviction. In addition, the Board established a new parole maximum date of October 21, 2018. *Id.* at 73-74. By notice mailed March 27, 2014, the Board sent its decision to Riddick. *Id.* at 75. He filed an administrative petition, which the Board denied affirming its prior decision. *Id.* at 84. Riddick's *pro se* petition for review followed.

Riddick raises two issues: 1) whether the Board erred in imposing thirty-eight months back time when he was only required to serve a remaining balance of thirty-one months in order to complete his controlling original maximum sentence date of November 28, 2014; and 2) whether the Board violated his due process rights by failing to include in its recommitment decision support for its recomputed parole maximum date of October 21, 2018, specifically, the number of the parole condition violated and a definition of that condition. We turn to the first issue.

In support of his argument that the back time imposed was excessive, Riddick cites *Savage v. Pennsylvania Board of Probation and Parole*, 761 A.2d 643 (Pa. Cmwlth. 2000). In *Savage*, we noted the well-settled law that the Board cannot impose back time exceeding the entire remaining balance of the parolee's unexpired term, but can only require that he or she serve the remaining balance of his unexpired term. *Id.* at 645. *Savage* does not support Riddick's position. At the time of his February 2014 sentencing in Montgomery County, Riddick owed four years, eight months and ten days of his original, aggregated ten-year maximum

3

sentence. In March 2014, the Board recommitted him to serve thirty-eight months back time, which is three years and two months. Accordingly, the Board did not act contrary to *Savage*.

Moreover, it is well established that, "[a]s long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1077 (Pa. Cmwlth. 2013) [quoting *Smith v. Pa. Bd. of Prob. & Parole*, 574 A.2d 558, 560 (Pa. 1990)]. In the present case, the crime at issue, robbery - inflicting serious bodily injury, is a felony of the first degree. Section 3701(a)(1)(i), (b)(1) of the Crimes Code, *as amended*, 18 Pa. C.S. § 3701(a)(1)(i), (b)(1). Pursuant to the Board's applicable regulation found in 37 Pa. Code § 75.2, the recommitment range is thirty to forty-eight months. Accordingly, the thirty-eight months imposed was well within the presumptive range. We turn now to Riddick's second issue.

In support of his argument that the Board was required to include in its recommitment decision the number of the parole condition violated and its definition, Riddick cites *Lewis v. Pennsylvania Board of Probation and Parole*, 459 A.2d 1339 (Pa. Cmwlth. 1983).[1] In *Lewis*, 459 A.2d at 1340 n.2, we expressed our suggestion that the Board follow a logical format in its recommitment decisions, including reference to the specific parole condition number violated and a definition of that condition. The present case, however, is not one where the

---

[1] The documents in the certified record belie the Board's suggestion at pages 8 and 9 of its brief that Riddick was recommitted as a convicted parole violator only and not as a technical parole violator. The point of confusion may be the fact that Riddick was ordered to serve six-months back time for his technical parole violation concurrently with thirty-eight months back time for his robbery conviction.

Board failed to set forth the number of the technical parole condition violated and a description thereof. On March 1, 2012, the Board recommitted Riddick to serve six months back time for his admitted violation of Condition #1, leaving the district without permission, pending resolution of the new criminal charges. C.R., Item No. 6 at 21. On March 20, 2014, the Board indicated his status as both a convicted and technical parole violator. *Id*., Item No. 11 at 73. On March 27, 2014, the Board referenced its February 29, 2012 action recommitting him as a technical parole violator, which it specified in the above-referenced March 1, 2012 action. Accordingly, there is no indication that Riddick was denied due process for an admitted technical parole violation due to the Board's failure to reiterate the technical violation at issue in subsequent documents.

In any event, while it is true that the Board is required to provide a parolee with due process in the recomputation process, *Robinson v. Department of Justice*, 377 A.2d 1277, 1279 (Pa. Cmwlth. 1977), there is no support for Riddick's argument that it must include a written explanation for its recomputation. Where a parolee is afforded a post-recommitment opportunity to contest the Board's recomputation of the maximum term expiration date, procedural due process is satisfied. Here, Riddick elected not to pursue the administrative appeal process in that he waived his parole revocation hearing and, consequently, that portion of the hearing dealing with the amount of back time owed in the event that he was recommitted as a convicted parole violator.[2] *Fisher*, 62 A.3d at 1075-76 (waiver

---

[2] In any event, the Board did not err in its calculation. When it initially paroled Riddick on December 17, 2009, his original parole maximum date was November 28, 2014, which left four years, eleven months and eleven days remaining on his original sentence. Pursuant to Section 6138(a)(2) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. § 6138(a)(2), the convicted parole violator "shall be given no credit for the time at liberty on parole." Thus, Riddick could be given no credit for the period that he was on the street: December 17, 2009, his parole date, **(Footnote continued on next page…)**

5

necessarily encompasses the right to advance a claim of error that the offender could have raised at the hearing).

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

---

**(continued…)**
to December 9, 2011, the date of his arrest for robbery.  In addition, the twenty-three months of credit for time served that he received for the Montgomery County sentence could not also count toward service of his original Philadelphia County ten-year maximum sentence.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Cornelius Riddick, : 
                  Petitioner : 
                      : 
           v. :   No. 1250 C.D. 2014
                      : 
Pennsylvania Board of Probation and : 
Parole, : 
                Respondent : 

# **O R D E R**

AND NOW, this 6th day of August, 2015, the order of the Pennsylvania Board of Probation and Parole is hereby AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge