IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyree Tyquan Moy,                          :
                                           :
                    Petitioner             :
                                           :
          v.                               :  No. 259 C.D. 2023
                                           :  Submitted:  May 6, 2025
Pennsylvania Parole Board,                 :
                                           :
                    Respondent             :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  June 5, 2025


         Tyree Tyquan Moy (Parolee), a parolee confined at the State
Correctional Institution (SCI) at Rockview, petitions for review of a decision of the
Pennsylvania Parole Board (Board) denying his challenge to the Board Action
recorded August 8, 2022, which recommitted him as a convicted parole violator
(CPV) to serve 12 months' backtime, and recalculated his maximum sentence date
as October 25, 2028.  His counsel, David Crowley, Esq. (Counsel), filed an
Application for Withdrawal of Appearance (Application), along with a no-merit
letter (*Turner* Letter[1]), arguing that Parolee's appeal is frivolous and without merit.

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

After thorough review, we grant Counsel's Application and affirm the Board's decision.

On August 23, 2018, Parolee was sentenced to serve 2 years' 3 months' to 10 years' imprisonment in the Lycoming County Court of Common Pleas (trial court) based on his convictions for possession with the intent to deliver a non-controlled substance and criminal use of communications facilities. *See Commonwealth v. Moy* (Pa. Super., No. 1281 MDA 2019, filed October 19, 2020), *appeal denied*, 261 A.3d 1032 (Pa. 2021). With an effective date of November 15, 2017, Parolee's minimum sentence was set to expire on February 15, 2020, and his maximum sentence was set to expire on November 15, 2027. Certified Record (CR) at 2. Ultimately, Parolee was released on parole from imprisonment under the judgment of sentence on April 8, 2020. *Id.* at 7.

On March 19, 2021, Parolee was arrested by Officer Summers of the South Williamsport Police Department and charged with nine criminal offenses that occurred when he unlawfully entered the residence of his ex-girlfriend and assaulted her. CR at 71-78. Parolee was held in the Lycoming County Prison on $75,000.00 bail for these new charges, which he did not post. *Id.* at 82-83. That same day, the Board issued a warrant to commit and detain him. *Id.* at 21.

On May 24, 2022, Parolee pleaded guilty to harassment, a summary offense, and defiant criminal trespass, a misdemeanor of the third degree, in the trial court and was sentenced to pay the costs of prosecution without further penalty. CR at 79-80. The remaining charges were dismissed. *Id.* Parolee waived his right to counsel and requested a panel revocation hearing. *Id.* at 27-28. At the July 26, 2022 hearing, the Board introduced the criminal complaint regarding Parolee's new convictions, including an attached affidavit of probable cause. *Id.* at 41, 71-78.

Following a hearing, on August 8, 2022, the Board formally recommitted Parolee as a CPV to serve 12 months' backtime. CR at 23. The Board recalculated Parolee's maximum sentence date as October 25, 2028, and denied credit for the time that he spent at liberty on parole because his convictions were for serious assaultive conduct involving domestic violence. *Id.* at 23-24.

On August 21, 2022, Parolee filed a request for administrative relief with the Board. *See* C.R. at 130-33. Specifically, Parolee argued that the Board erred in failing to properly credit him with time under *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980), and abused its discretion in declining to award credit for his time at liberty on parole. *See id.* at 131. Further, Parolee argued that the Board violated his due process and equal protection rights by failing to specify: (1) the parole condition number that he violated which would support his recommitment; (2) the definition of that condition; (3) the nature of his offense; (4) the applicable presumptive ranges; (5) any mitigating or aggravating circumstances considered by the Board for increasing or decreasing his backtime; and (6) the backtime imposed for the violation of that condition. *Id.*

In a decision mailed on January 20, 2023, the Board treated Parolee's request as raising issues of due process, the basis for parole revocation, the calculation of the recommitment term, and credit toward his original sentence for time incarcerated. *See* CR at 134-36. The Board rejected Parolee's arguments and affirmed its August 8, 2022 determination. *Id.* On February 22, 2023, the instant Petition for Review was mailed to this Court.

The issues that Parolee raises on appeal, reordered for the sake of clarity, are whether the Board erred or abused its discretion in: (1) applying Section

3

6138(1.1) of the Prisons and Parole Code (Code)[2] as a basis for his recommitment; (2) failing to properly credit the time that he spent in custody toward his original sentence under Section 6138(a)(2) of the Code;[3] (3) denying him credit for the time

---

[2] 61 Pa. C.S. §6138(a)(1.1). Section 6138(a)(1.1) states, in pertinent part:

> (1.1.) In addition to [Section 6138(a)(1) (relating to recommitment based on conviction in a court of record)], a parolee under the jurisdiction of the [B]oard who, during the period of parole . . . pleads guilty . . . [to] any of the following offenses where graded as a summary offense, may at the discretion of the [B]oard be recommitted as a parole violator:
>
> * * *
>
> (ii) Harassment under [Section 2709 of the Crimes Code,] 18 Pa. C.S. § 2709 (relating to harassment)[.]

(Emphasis added.) Section 6138(a)(1.1) became effective on April 16, 2020.

In turn, Section 6138(a)(1) of the Code provides, in relevant part: "The [B]oard may, at its discretion, revoke the parole of a paroled offender if the offender, during the period of parole . . ., commits a crime punishable by imprisonment, . . . to which the offender pleads guilty . . . at any time after in a court of record." 61 Pa. C.S. §6138(a)(1). As stated in Section 106(b)(8) of the Crimes Code: "A crime is a misdemeanor of the third degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than one year." 18 Pa. C.S. §106(b)(8). Thus, the Board's recommitment herein is based on Parolee's guilty plea to "a crime punishable by imprisonment" before a "court of record" as required by Section 6138(a)(1).

[3] 61 Pa. C.S. §6138(a)(2). Section 6138(a)(2) provides:

> (2) If the offender's parole is revoked, the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

that he was at liberty on parole under Section 6138(a)(2.1) of the Code;[4] (4) admitting the affidavit of probable cause from his arrest on the new charges at the parole revocation hearing; (5) imposing an excessive term of recommitment; and (6) failing to identify the basis for his recommitment.

Where counsel is seeking to withdraw from representation of a parolee who challenges a parole revocation order, counsel must submit a *Turner* Letter to this Court detailing the "nature and extent" of counsel's review, listing each issue raised by the parolee, and explaining why counsel concluded that parolee's claim is meritless.[5] *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (citing *Turner*, 544 A.2d at 928). Counsel's *Turner* Letter must substantively address each issue raised by the parolee, "rather than baldly stating that the claims are without merit." *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009) (citing *Hill v. Pennsylvania Board of Probation and Parole*, 707

---

[4] 61 Pa. C.S. §6138(a)(2.1). Section 6138(a)(2.1)(i) provides, in pertinent part:

> (2.1) The [B]oard may, in its discretion, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

> (i) The crime committed during the period of parole . . . is a crime of violence . . . .

61 Pa. C.S. §6138(2.1)(i).

[5] Per *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009), we have, in the past, distinguished between whether counsel must demonstrate that a parolee's appeal is "frivolous" or "without merit" before granting counsel leave to withdraw. *See Epps v. Pennsylvania Board of Probation and Parole*, 564 A.2d 214, 216 (Pa. Cmwlth. 1989) (requiring that counsel demonstrate the appeal is frivolous); *see also Frankhouser v. Pennsylvania Board of Probation and Parole*, 598 A.2d 607, 608 (Pa. Cmwlth. 1991) (requiring that counsel demonstrate the appeal is without merit). However, "[t]his Court has recently drawn little distinction between whether the case must be 'frivolous' or 'meritless' before counsel may withdraw." *Hughes*, 977 A.2d at 25

5

A.2d 1214, 1215-16 (Pa. Cmwlth. 1998)). Procedurally, we must assess: (1) whether counsel notified the parolee of the request to withdraw; (2) whether counsel provided the parolee with a copy of the *Turner* Letter; and (3) whether counsel advised the parolee of his right to retain new counsel or file a brief on his own behalf. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). If counsel has satisfied these procedural requirements, the Court will then independently review the merits of the parolee's claims. *Zerby*, 964 A.2d at 960.

Presently, Counsel has complied with the requirements outlined in *Turner*. First, Counsel notified Parolee of his Application. Likewise, Counsel provided Parolee with copies of the *Turner* Letters[6] that substantively detail Counsel's review of the matter and discusses why each issue Parolee wishes to have reviewed by the Court is meritless. Finally, Counsel advised Parolee of his right to obtain new counsel or raise new issues he deems worthy of consideration. Thus, we turn to the merits of Parolee's Petition for Review

First, Parolee claims that the Board's application of Section 6138(1.1) of the Code violates his constitutional protections against the application of *ex post facto* laws. As we have observed:

> In 2019, the General Assembly amended Section 6138 by adding subsection (a)(1.1), which authorizes the Board to recommit parolees based on certain summary offense convictions. We have recognized that this effectively lowered the bar for recommitment, which previously required at least a misdemeanor conviction under subsection (a)(1). *Maxwell v. P*[*ennsylvania*] *Parole B*[*oard*] (Pa. Cmwlth., No. 16 C.D. 2022, filed Nov[ember] 22, 2022), slip op. at 6-7 (citing *Hufmen v.*

---

[6] Counsel has complied with our direction to file an additional *Turner* letter to address one issue that was not discussed in his initial *Turner* letter. *See Moy v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 259 C.D. 2023, filed September 18, 2024), slip op. at 7-8.

6

*B[oard] of Prob[ation and] Parole*, 58 A.3d 860, 864-65 (Pa. Cmwlth. 2012)).[7]  Since [Parolee's] recommitment was based in part on a summary offense (here, for harassment) Section 6138(a)(1.1) is implicated.  In *Maxwell*-apparently the only decision to address this issue-a parolee challenged Section 6138(a)(1.1) as an *ex post facto* law because it was not enacted until after he committed an offense.  [*Maxwell*], slip op. at 5.  The Court noted that the parolee in *Maxwell* had misunderstood the sequence of events:  Section 6138(a)(1.1) was enacted both before he committed the new offenses and before he was paroled. *Id.*, slip op. at 7-8.  The Court also noted that later amendments had not materially changed the Section. *Id.*, slip op. at 8.  On that basis the Court concluded that the Section is not an *ex post facto* law. *Id.*  This case presents an apparently different fact pattern, with Section 6138(a)(1.1) intervening between the grant of parole and the new offenses.

*Moy v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 259 C.D. 2023, filed September 18, 2024), slip op. at 6-7 (footnote omitted).

However, as noted above, on May 24, 2022, Parolee pleaded guilty to both harassment, a summary offense, and defiant criminal trespass, a misdemeanor of the third degree, in the trial court.  CR at 79-80.  Prior to the enactment of Section 6138(1.1), as this Court explained:

> [T]he Board is prohibited from recommitting a parolee as a CPV where a parolee pleads guilty before a magisterial district judge or a common pleas court judge presiding as a magisterial district judge over a summary offense, since the plea was not made before a court of record.  In the instant case, however, because [the inmate] pled guilty to a misdemeanor, not a summary offense, the trial court judge was sitting as a court of record.  Under the[se] circumstances, [the inmate's] conviction for misdemeanor

---

[7] *See* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008.  Non-precedential decisions . . . may be cited for their persuasive value.").

> harassment was a conviction for which the Board was authorized to recommit him as a CPV.

*Nicholas v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1375 C.D 2018, filed July 16, 2019), slip op. at 15; *see also Taylor v. Pennsylvania Board of Probation and Parole*, 10 A.3d 419, 421 (Pa. Cmwlth. 2010) ("The question of whether a particular court is a 'court of record' is determined by statute. In Pennsylvania, [Section 321 of] the Judicial Code establishes that 'every court of this Commonwealth' is a court of record. 42 Pa. C.S. §321."). As a result, Section 6138(1.1) is inapplicable in this case because the trial court was acting as a "court of record" when Parolee entered his guilty pleas to both misdemeanor and summary offenses, and Parolee was properly recommitted as a CPV under Section 6138(a)(1).

Second, Parolee claims the Board erred by failing to properly credit the time that he spent in custody toward his original sentence under Section 6138(a)(2) of the Code. As noted above, Section 6138(a)(2) of the Parole Code states, in pertinent part: "If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted . . . ." 61 Pa. C.S. §6138(a)(2). In *Gaito*, 412 A.2d at 571, our Supreme Court clarified that when "a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence."

Here, as the Board aptly explained, Parolee owed 2,777 days on his original sentence at the time of his release on parole. *See* CR at 135. Moreover, because he was sentenced by the trial court to "no further punishment" on his new convictions, the Board granted him credit against his original sentence for the 431

8

days that he was detained on the new charges even though he never posted bail on those charges. *See id.* As the Board explained:

> Thus, you were left with 2777 - 431 = 2346 days to serve based on the recommitment. Considering you were sentenced to a new term of non-confinement on May 24, 2022, you were therefore available to commence service of your original sentence on that date. Thus, adding 2346 days to May 24, 2022 yields a recalculated maximum date of October 25, 2028, as set forth by the decision in question.

*Id.* Because Parolee has received credit for all the time that he was in custody from his arrest on the new charges to present, we discern no error in the Board's decision.

Third, Parolee claims that the Board erred in denying him credit for the time that he was at liberty on parole under Section 6138(a)(2.1) of the Code. As outlined above, Section 6138(a)(2.1) affords the Board discretion to award "street credit" to CPVs, unless such parolees were convicted of violent offenses. 61 Pa. C.S. § 6138(a)(2.1)(i). However, while Section 6138(a)(2.1) allows the Board discretion to grant credit to a non-violent offender, it does not ***require*** the Board to grant credit to a non-violent offender. 61 Pa. C.S. § 6138(a)(2.1)(i). Here, the Board exercised that discretion to deny Parolee credit for "street time" while at liberty on parole.

The Board ***is*** required, however, to provide a contemporaneous statement explaining its reasoning when it denies a convicted parole violator "street time" credit. *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d, 466, 475 (Pa. 2017). While the Board maintains discretion regarding the decision to award credit, a petitioner has the right to appeal. *Id.* at 474. Therefore, the reviewing appellate court must be able to "assess the Board's exercise of discretion" in order to adequately protect the petitioner's state and federal constitutional rights. *Id.*

9

In its August 8, 2022 recommitment order, the Board stated that in its exercise of discretion it chose not to award Parolee "street time" credit because his "behavior reflects domestic violence issues that warrant denying credit for time at liberty on parole." CR at 24. While the *Pittman* court mandated that the Board make a contemporaneous statement articulating its reason for denying "street time" credit, it did not provide specifications regarding the format of such statements. Although "simply checking 'No' on a standard hearing report form" fails to comport with the basic notions of due process, the Court stated that "the reason the Board gives does not have to be extensive, and a single sentence explanation is likely sufficient in most instances." *Pittman*, 159 A.3d at 474-75.

We determined in *Smoak v. Talaber*, 193 A.3d 1160, 1164-65 (Pa. Cmwlth. 2018), that the Board's statement "unresolved drug and alcohol issues" was "not a full sentence," fails to "identify the incidents that create[d] these 'issues,'" and was "just barely sufficient." However, this Court found it still satisfied the requirements of *Pittman*. *Id.* Here, the Board satisfied *Pittman* by providing a contemporaneous statement in its August 8, 2022 order, explaining that Parolee's "street time" credit was denied because of his ongoing domestic violence issues. *Pittman*, 159 A.3d at 475; *see also Chase v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 1030 C.D. 2021, filed August 30, 2022), slip op. at 13-14 ("Here, the Board provided the exact same rationale as in *Smoak*-nonspecific 'drug and alcohol' issues-while noting the ***additional*** reason that [the inmate] had committed a violent crime while released on parole. Given *Smoak's* holding and the *Pittman* Court's pronouncement that 'a single sentence explanation' will suffice in most instances, we hold that the Board's explanation for denying [the inmate] credit for his street time was sufficient.") (emphasis in original).

10

Fourth, Parolee claims that the Board erred or abused its discretion in admitting the affidavit of probable cause from his arrest on the new charges at the parole revocation hearing because it was hearsay evidence. However, as this Court has explained:

> The right to confront and cross-examine . . . can be waived . . . and, if no objection is voiced to the introduction of hearsay evidence at a revocation hearing, a parolee cannot later challenge its admission. . . . Indeed, it is not the introduction of hearsay evidence at a revocation hearing which is error but the admission of hearsay over objection and without a finding of good cause. We believe, therefore, that the petitioner cannot succeed without a plea that he objected to the admission of the hearsay evidence and that it was admitted over his objection without a finding of good cause. And, because the petitioner here has not alleged any objection to the admission of the hearsay, we believe that he has failed to state a cause of action.

*McCabe v. Pennsylvania Board of Probation and Parole*, 700 A.2d 597, 599 (Pa. Cmwlth. 1997) (citations omitted). Because Parolee did not object to the admission of the affidavit at the revocation hearing, *see* CR at 41-42, he has waived any claim of Board error in this regard.

Fifth, Parolee claims that the Board erred in imposing an excessive term of 12 months' backtime. Pursuant to Section 75.1(a) of the Board's regulations, the Board is authorized to apply the aggregate presumptive ranges of each conviction when the Board orders recommitment of a CPV after holding a revocation hearing. 37 Pa. Code §75.1. Under Section 75.2, the presumptive backtime range for the crimes to which Parolee pleaded guilty is 1 to 6 months each, for a total aggregate backtime of 2 to 12 months. 37 Pa. Code §75.2. "This court will not review the Board's exercise of discretion in imposing backtime for parole violations where the

11

violations are supported by substantial evidence and the backtime imposed is within the published presumptive ranges for those violations." *Lotz v. Pennsylvania Board of Probation and Parole*, 548 A.2d 1295, 1296 (Pa. Cmwlth. 1988), *aff'd*, 583 A.2d 427 (Pa. 1990) (citation omitted). Moreover, "[o]ur Supreme Court has held that '[a]s long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment.'" *Fisher v. Pennsylvania Board of Probation and Parole*, 62 A.3d 1073, 1077 (Pa. Cmwlth. 2013) (quoting *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 560 (Pa. 1990)). As a result, Parolee's claim of error in this regard is without merit.

Finally, Parolee claims that the Board erred in failing to identify the basis for his recommitment. Specifically, in his appeal to the Board,[8] Parolee alleged:

> The Board also erred in the revocation decision that did not contain specified information in order to pass [] constitutional muster in order to comply with the mandate in *Morrissey* [*v. Brewer*, 408 U.S. 471 (1972):] (1) [t]he parole condition violated[;] (2) the definition of that condition[;] (3) the nature of the offender['s] offense[;] (4) any applicable presumptive range[;] (5) any mitigating or aggravating circumstances considered by the [Board] for increasing or decreasing parole violation backtime[;] and (6) the parole violation backtime, recommitment time actually imposed for the violation of that condition.[9]

---

[8] In this appeal, Parolee is limited to the bases that he presented to the Board in his administrative appeal. *See, e.g.*, *Thomas v. Pennsylvania Parole Board*, 304 A.3d 810, 814 (Pa. Cmwlth. 2023) ("The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal.") (citations omitted).

[9] *See also Lewis v. Pennsylvania Board of Probation and Parole*, 459 A.2d 1339, 1340 n.2 (Pa. Cmwlth. 1983) (same).

CR at 131.

However, contrary to Parolee's assertions, the certified record in this matter clearly demonstrates that all of the foregoing assertions, to the extent that they are applicable to proceedings for a CPV,[10] have been satisfied in this case. Because Parolee was not charged with technical violations of his parole, the conditions of his parole and how they are defined is irrelevant. Rather, as outlined above, the Notice of Charges and Hearing clearly identified his "new criminal conviction[s]" supporting the revocation of his parole; the Board's August 8, 2022 revocation decision clearly identifies the backtime imposed and the reasons underlying its imposition; and Parolee's acknowledgement of his rights at Board hearings, waiver of his right to counsel, and the revocation hearing transcript clearly demonstrate that he was afforded all of the relevant rights due him as a CPV.[11] *See* CR at 23-24, 25,

---

[10] *Compare* Section 6138(a) and (b) of the Code, 61 Pa. C.S. §6138(a) and (b) (relating to parole revocation for convicted violators) with Section 6138(c), (d), and (e), 61 Pa. C.S. §6138(c), (d), and (e) (relating to parole revocation for technical violators).

[11] *See generally* Section 71.4 of the Board's regulations, 37 Pa. Code §71.4, which provides, in relevant part:

> The following procedures shall be followed before a parolee is recommitted as a convicted violator:
>
> (1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty . . . at the highest trial court level except as follows:
>
>> (i) If a parolee is confined outside the jurisdiction of the Department of Corrections [(DOC)], . . . the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

**(Footnote continued on next page…)**

13

(ii) A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel . . . shall be deemed to be within the jurisdiction of the [DOC] as of the date of the waiver.

(2) Prior to the revocation hearing, the parolee will be notified of the following:

(i) The right to a revocation hearing, the right to notice of the exact date and the right at the revocation hearing to be heard by a panel.

(ii) The right to retain counsel, the right to free counsel if unable to afford to retain counsel and the name and address of the public defender.

(iii) There is no penalty for requesting counsel.

(iv) The right to speak, to have voluntary witnesses appear and to present documentary evidence.

(v) The purpose of the hearing is to determine whether to revoke parole and that if revocation is ordered, the parolee will receive no credit for time spent at liberty on parole.

(3) If the parolee cannot afford counsel, the Board will notify the appropriate public defender by transmitting a copy of the written notice given to the parolee.

(4) The revocation hearing shall be held by a panel or, when the parolee has waived the right to a hearing by a panel, by an examiner.

(5) If a parolee appears without counsel at a revocation hearing, it shall first be determined whether the parolee understands the right to retain counsel, the right to free counsel if unable to afford counsel and that there is no penalty for requesting counsel. . . .

**(Footnote continued on next page…)**

14

26, 28, 38-58. In short, Parolee's allegations of error in this regard are likewise without merit.

Accordingly, Counsel's Application is granted, and the Board's decision is affirmed.

_____
MICHAEL H. WOJCIK, Judge

---

(6) The parolee has the right to be present during the entire proceeding, unless the parolee waives that right, refuses to appear or behaves disruptively.

(7) If the hearing is conducted by an examiner, the examiner shall file a report with the other panel member for decision.

(8) If revocation is ordered, the revocation decision shall be transmitted to the parolee and to counsel of record.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyree Tyquan Moy,                    :
                                     :
                    Petitioner       :
                                     :
            v.                       : No. 259 C.D. 2023
                                     :
Pennsylvania Parole Board,           :
                                     :
                    Respondent :

# **O R D E R**

AND NOW, this 5th day of June, 2025, David Crowley, Esq.'s Application for Withdrawal of Appearance is **GRANTED**, and the decision of Pennsylvania Parole Board in the above-captioned matter is **AFFIRMED**.

_____
MICHAEL H. WOJCIK, Judge